THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARVEL O'NEAL, a/k/a Marvel W. O'Neal, Defendant-Appellee.

First District (4th Division)    No. 62653

Opinion filed July 14, 1976.—Rehearing denied July 28, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Jack L. Uretsky and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The State has appealed from an order of the circuit court of Cook County which quashed a search warrant and suppressed evidence seized under its authority.

The trial court gave the following three reasons in support of its order: (1) the complaint for search warrant was signed by "John Doe," a fictitious name; (2) no reason was contained in the complaint as to why it was signed "John Doe"; and (3) "John Doe" could not have a perjury charge brought against him if the facts were not as he had alleged. The State contends that the trial court "misinterpreted the law concerning the use by the complainant for a search warrant of a fictitious name, and the warrant on its face was proper and based on probable cause." Defendant presents the following arguments for our consideration: (1) the complaint for search warrant contained no facts from which the trial court could infer that the affiant was credible or reliable; (2) *People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, "is bad law"; and (3) "the trial court properly avoided a pointless conviction reversible through federal habeas corpus."

The complaint for search warrant in the instant case stated, *inter alia*, that the complainant, "John Doe," was appearing before Judge Zafiratos; that he had observed a sawed-off shotgun with a barrel less than 18 inches in length in Apartment 1207, 3547 Federal Street, Chicago, Illinois; that during the previous day, complainant had overheard a conversation referring to the sawed-off shotgun and to the fact that it was "wanted by the police." The complaint was signed by "John Doe." A search warrant was then issued by Judge Zafiratos.

■■ The fact that the affidavit for a search warrant is signed with a fictitious name does not constitute a violation of constitutional rights. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431.) This principle was reaffirmed in *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214, wherein the supreme court stated, at page 128: "[T]he use of a fictitious name to support the issuance of a search warrant does not violate any constitutional right. [Citation to *Stansberry*.] We see no reason to reconsider or depart from that holding." Defendant asks us to follow *United States ex rel. Pugh v. Pate* (7th Cir. 1968), 401 F.2d 6, which held that a warrant issued pursuant to an affidavit signed with a false or fictitious name was void. This court believes, however, that *Pate* cannot

control our decision in the instant case. "[D]ecisions of Federal Courts other than the United States Supreme Court decisions are not binding on the courts of this state." (*People v. West* (1971), 3 Ill. App. 3d 106, 116, 278 N.E.2d 233, 240.) Defendant further asserts that *Stansberry* is "bad law." This argument is as meritless as it is inelegantly drawn. Our institutional function as an intermediate appellate court is to follow the decisions of our supreme court. It is for the supreme court alone to reconsider its own holdings.

Defendant further argues that the trial court correctly granted defendant's motion to quash the search warrant because the "court properly avoided a pointless conviction reversible through federal habeas corpus." Defendant reasons that if the trial court had sustained the search warrant and if defendant had been convicted, he could be released on a Federal writ of habeas corpus. This court reiterates that as an intermediate appellate court, it is not within our province to deviate from the law declared by our supreme court or to modify its decisions. In addition, the decisions of the Federal courts other than the United States Supreme Court are not binding on the courts of this State. The Supreme Court of Illinois has upheld the validity of "John Doe" warrants and the United States Supreme Court has yet to rule on their validity. It necessarily follows, therefore, that we must follow *Stansberry* and not *Pate*. We will not allow conjecture to decide this case.

■■ We next consider whether an affiant who is using a fictitious name must state in the affidavit for search warrant why he is using a fictitious name. An affidavit for a search warrant must be interpreted realistically (*People v. Ranson* (1972), 4 Ill. App. 3d 953, 282 N.E.2d 462), and the guiding principle in determining probable cause is common sense (*People v. Johnson* (1967), 84 Ill. App. 2d 143, 228 N.E.2d 457). The obvious reason for using a fictitious name is to protect an informant-affiant from reprisal. It is this court's opinion, therefore, that no reason for the use of a fictitious name by an affiant to a search warrant need be stated in the affidavit underlying the warrant.

■■ Defendant, in his brief, argues that the action of the trial court in granting defendant's motion to quash the search warrant should be sustained because the complaint for search warrant contains no facts from which the court could infer that the informant is credible or reliable. Defendant contends that the informant in the instant case must be judged by standards set out in *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, and *Aquilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. This court disagrees. There is no constitutionally required showing of informant credibility in a complaint for search warrant where the informant himself is the affiant to the complaint and he recites facts that he himself observed. The informant in

the instant case was the affiant and appeared before the issuing judge. The issuing judge was able to make a firsthand assessment of the informant's credibility. *Aquilar* and *Spinelli* deal with complaints for search warrants where the affiants were law enforcement officers and their information was based in whole or in part upon what they had been told by informants who did not appear before the issuing judicial officers.

■■ Lastly, we quote from *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, as to whether a perjury charge can be brought against the affiant to the search warrant issued in this case if the facts were not as he had alleged.

> "This majority of the court believes that both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by the one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence. *Should an affiant betray the confidence in his integrity which is contemplated by the ex parte proceeding and intentionally make misrepresentations to the judicial officer, he can be punished for the offense.*" 45 Ill. 2d 140, 144, 258 N.E.2d 341, 343. (Emphasis added.)

For the reasons stated, the order of the circuit court of Cook County sustaining defendant's motion to quash the search warrant and suppress the evidence is reversed.

Reversed.

BURMAN and DIERINGER, JJ., concur.