THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROGER D. SKINNER, Defendant-Appellant.

Third District   No. 3—84—0780

Opinion filed August 30, 1985.

William G. Schick, of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Defendant-appellant, Roger Skinner, was charged by two-count information with the offenses of unlawful possession of a controlled substance and unlawful possession with intent to deliver a controlled substance. Following a bench trial in the circuit court of Rock Island County, where evidence was introduced to the court by stipulation of the parties, defendant was found guilty of the first count. The second count was dismissed on motion of the State. Defendant was sentenced to four years' imprisonment and fined $10,000. This appeal follows.

We affirm.

On October 30, 1983, at approximately 12:25 a.m. a search warrant for the defendant's residence was issued. The warrant was based upon a complaint and affidavit signed by an individual using the alias of Bill Martin. The complaint stated that Martin had probable and reasonable grounds to believe that the defendant had cocaine in his possession. The complaint and warrant indicated that Martin personally appeared before the issuing judge. Subsequent to the issuance of the warrant, the police arrived at defendant's mobile home. At trial, conflicting testimony was heard concerning the events which followed. Some officers went on to an enclosed back porch and others went around to the front door. Three officers testified that they knocked upon the back door and announced they were police officers. One officer looked into a window and saw two people on a couch. According to some officers, after knocking and announcing their identity, they forced open the kitchen door to gain entrance. One officer testified that 20 to 30 seconds elapsed from the time they first knocked until they forced open the door. Another officer thought it took from 15 to 20 seconds after he heard an officer identify themselves as police until he was notified officers had entered and that between 30 and 45 seconds passed between the first knock and his notification that officers had entered the premises.

In contrast, defendant's girlfriend testified that she was watching television with the defendant and that she and defendant were awake. At approximately 1 a.m. the police broke open the door and entered. She testified as having heard nothing prior to the door breaking. Defendant testified similarly. Both denied hearing the police knocking or announcing their presence. Defendant testified that the police came in with their guns drawn, grabbed him and ordered him to a bedroom and asked him to get the cocaine from inside a safe located there. Defendant opened the safe and the officers seized cocaine and other items from the safe and from the trailer which were later used against defendant in evidence.

Defendant contends (1) that the affidavit for the search warrant is invalid in that it fails to supply the basis of knowledge of the informer affiant and it fails to set out the veracity of the informer affiant; (2) that the unannounced entry of law enforcement officials, without knocking or announcing their purpose, and without exigent circumstances, violated defendant's right against unreasonable searches; and (3) that the trial court abused its discretion in denying probation.

■ The gist of defendant's first contention is that the search warrant was issued without the requisite probable cause. To support the issuance of a search warrant, facts must be related to the magistrate which would cause a reasonable man to believe that a crime had been committed and that evidence was in the place to be searched. (*People v. Krug* (1976), 38 Ill. App. 3d 383, 347 N.E.2d 807.) The magistrate must interpret and test the supporting affidavit in "common sense and realistic fashion." (*People v. Philyaw* (1975), 34 Ill. App. 3d 616, 619, 339 N.E.2d 461, 463.) The affidavit need only establish probable cause, not proof beyond a reasonable doubt. *People v. Wilson* (1975), 27 Ill. App. 3d 535, 327 N.E.2d 146.

■ Cases cited by the defendant are not dispositive of the issue because they involve affidavits executed by police officers based on information they received from informants. In such cases, the reliability of the informant is an issue. In the case *sub judice*, however, the complaint for the warrant was executed by the affiant as a private citizen and it was based on his personal observation and knowledge. Where the informant himself is the affiant to the complaint and he recites facts that he personally observed, a showing of the reliability of the informant is not constitutionally required. (See *People v. O'Neal* (1976), 40 Ill. App. 3d 448, 352 N.E.2d 282, *cert. denied* (1977), 431 U.S. 969, 53 L. Ed. 2d 1065, 97 S. Ct. 2929; *People v. Smith* (1979), 72 Ill. App. 3d 956, 390 N.E.2d 1356.) The defendant in *O'Neal* claimed that the trial court should have used the Aquilar-Spinelli test to judge the informant. The court, however, held:

"*** The informant in the instant case was the affiant and appeared before the issuing judge. The issuing judge was able to make a firsthand assessment of the informant's credibility. *Aquilar* and *Spinelli* deal with complaints for search warrants where the affiants were law enforcement officers and their information was based in whole or in part upon what they had been told by informants who did not appear before the issuing judicial officers." (40 Ill. App. 3d 448, 450, 451, 352 N.E.2d 282, 284.)

Such is also the case here, and we find *O'Neal* controlling. We also

note that the Aquilar-Spinelli test has been diluted by the Supreme Court's decision in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, which sets forth a new "totality of circumstances" test. This standard has been adopted in Illinois. (See *People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.) Under this standard the same result would be reached.

■ The defendant's next contention is that the police failed to knock and announce their presence, which led to an unreasonable search. Alternatively, even if the officers did knock and announce, they did not give defendant time to respond. The State presented evidence that the police knocked and announced their presence. The defendant and his girlfriend testified as to having heard nothing prior to the police breaking in the backdoor. The issue came down to whom the trial court believed, and in this case the court chose to believe the police. Generally, a trial court's ruling on a motion to suppress will not be disturbed unless it is manifestly erroneous. (*People v. Garcia* (1983), 97 Ill. 2d 58, 454 N.E.2d 274.) Our review of the facts fails to disclose such error.

■ Finally, the defendant contends the trial court abused its discretion in denying probation because defendant suffers from a chronic lumbar disc prolapse, which is a degenerative disc problem, and, this mitigating factor should have outweighed the need for a prison sentence. Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)) allows a reviewing court to reduce sentences; however, this alteration of the sentencing judge's disposition may be done only upon a finding of an abuse of discretion. (*People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In the present case, the record discloses that the sentencing judge reached his decision only after considering the nature and circumstances of the offense and other proper factors bearing upon the sentence. No reasons have been presented to disturb the discretion vested in the trial court to impose the sentence.

Accordingly, for the reasons set forth in this opinion, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.