THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN PHILLIPS, Defendant-Appellant.

First District (4th Division)   No. 1—91—1332

Opinion filed June 30, 1994.

Thomas Peters, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Laura Bertucci, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

On January 6, 1989, an anonymous informant, "John Doe," appeared before a judge on a request that a search warrant be executed. In the complaint for a search warrant, John Doe stated that earlier that day he had purchased one-half ounce of cocaine from the defendant, John Phillips, at 4712 North Paulina. Based on the informant's statement to the judge, the police obtained a search warrant for the apartment of the defendant, John Phillips. Upon executing the search warrant, the police discovered over 250 grams of cocaine and $18,550 located in a safe in the closet of the defendant's bedroom. The defendant was charged with possession of a controlled substance with intent to deliver. Before the trial, the defendant filed

several motions to produce the informant and to suppress the evidence. All the motions were denied. After a jury trial, the defendant was found guilty of possession of a controlled substance with intent to deliver more than 100 grams but not more than 400 grams of cocaine, a controlled substance. The defendant was sentenced to 18 years in prison. He now appeals his conviction and sentence. We affirm.

## FACTS

Pretrial Motions

Before the trial, the defendant filed three motions. The first motion that the defendant filed was a motion to produce the informant. In this motion, he alleged that failing to produce the informant would prevent him from obtaining due process of law and effective assistance of counsel. The motion to produce the informant made reference to the second motion which the defendant filed on that same date, the motion to suppress evidence. The motion to suppress evidence alleged that the search warrant complaint contained false material statements which were necessary to the finding of probable cause. In this motion, the defendant requested a *Franks* evidentiary hearing. *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.

In support of the motion to suppress evidence, the defendant filed affidavits prepared by the defendant and the defendant's mother. The defendant alleges that he also filed the affidavit of his friend, Daniel Crossland. Although Crossland's affidavit does not appear in the record, we will consider it because it is apparent that the trial court reviewed this document.

The defendant's affidavit stated that the defendant had been in the apartment all day but had slept from 6 a.m. until 9:30 or 10 p.m. According to the defendant, no one had come to the apartment that day. The defendant's mother stated in her affidavit that she had also been in the apartment all day. During the day, she had watched TV, read the paper, talked on the phone and prepared meals. She stated that her son had been home sleeping all day and no one had come to the apartment to buy drugs. Crossland's affidavit stated that he had been in the apartment at 4712 North Paulina all day. He stated that he had returned to the apartment at 6 a.m. and had gone to sleep. He slept all day, awakening at 9 or 10 p.m. He further stated that no one had come to the apartment that afternoon.

The defendant also filed a supplemental motion to suppress. In this motion, the defendant asserted that all evidence in the case

should be suppressed because the complaint for a search warrant contained no statement of the reliability of the informant.

At a hearing held on June 5, 1990, the trial court denied all motions. After the arguments on the motion to produce the informant, the court found that a sufficient showing had not been made to reveal the informant or his identity. The trial judge also denied the motions to suppress the evidence. The court found that the affidavits were from interested parties and "this factor *** would tend to weaken or could tend to weaken the effect of the affidavits." The court also found that the judge who issued the search warrant had the opportunity to observe the John Doe informant when he appeared before the court and could make an assessment as to whether that informant was credible and whether the search warrant should be issued. Based upon the totality of the circumstances before the judge, then, he concluded that the defendant had not made a substantial preliminary showing that an evidentiary hearing was necessary.

THE TRIAL

The defendant's trial began on February 27, 1991. Officer Bocconcelli, the first witness called, related the events leading up to the defendant's arrest. Officer Bocconcelli testified that on January 7, 1989, he had a search warrant authorizing him to search 4712 North Paulina, second floor. The officer stated that he first found the defendant in a bar and, after identifying himself as a police officer, told the defendant that he had a search warrant for his apartment. Officer Bocconcelli and the defendant then went to the apartment; Officer Bocconcelli found a safe in the closet of the defendant's bedroom and opened it. In the safe were several bags of white powder which the officer believed to be cocaine and $18,550 in United States currency. Officer Bocconcelli then stated that he placed the defendant under arrest. This testimony was substantially similar to the testimony offered by Officer Bertuca, who accompanied Officer Bocconcelli to the defendant's apartment on the night in question. The substance taken from the defendant's apartment was identified at trial as being over 250 grams of cocaine.

The defense rested its case without presenting any witnesses or evidence. After deliberating, the jury found the defendant guilty of the crime of possession of a controlled substance with intent to deliver more than 100 grams but not more than 400 grams of cocaine, a controlled substance. On April 10, 1991, the judge denied all post-trial motions, including a motion for a new trial. The parties then proceeded to a sentencing hearing.

The Sentencing Hearing

At the sentencing hearing, the State described the defendant's history of convictions for narcotics offenses. The State also noted that the defendant was convicted of possessing a large amount of cocaine. Defense counsel, however, characterized the defendant's prior convictions as "minor" offenses. Defense counsel also noted that, although the defendant was arrested on similar charges after the arrest at issue in this case, he had not yet been tried or sentenced on those charges.

The judge elected to sentence the defendant to 18 years in prison, noting that the defendant had a more substantial involvement with drug trafficking than most individuals.

The defendant now appeals the sentence and conviction. We address the issues raised in turn.

## ANALYSIS

The defendant does not challenge any of the proceedings at trial. Nonetheless, the defendant raises numerous issues in his brief concerning the pretrial motions and sentencing. We will discuss separately the issues raised with respect to each of the pretrial motions and then, finally, we will address the question of the propriety of the sentence.

Motion to Produce the Informant

Initially, the defendant raises the issue of whether the trial court properly denied his motion to produce the informant.

The motion to produce the informant asks the court to order the State to turn over sufficient information to enable the defendant to locate the confidential informant. In support of this motion, the defendant stated that he filed a *Franks* motion alleging that the affiant of the search warrant intentionally misrepresented facts or acted in reckless disregard of the truth. The defendant also asserted that the failure to identify the John Doe informant will prevent the defendant from receiving due process of law.

Supreme Court Rule 412(j)(ii) concerns when it is proper to compel the discovery of the identity of an informant. (134 Ill. 2d R. 412(j)(ii).) The rule states, in part:

> "(ii) *Informants.* Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused." 134 Ill. 2d R. 412(j)(ii).

It is the defendant's burden to show a need for the disclosure of the identity of the informant. *People v. McBee* (1992), 228 Ill. App. 3d 769, 773, 593 N.E.2d 574, 576; *People v. Stoica* (1987), 163 Ill. App. 3d 660, 666, 516 N.E.2d 909, 913.

●1 When a trial court is presented with a motion to produce an informant, it must work to balance conflicting concerns. On the one hand, the court must consider the public interest in protecting the flow of information from informants to the government. This consideration must be weighed against a defendant's need for disclosure of the identity of the informant in order for the defendant to adequately prepare his defense. (*Roviaro v. United States* (1957), 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 628-29.) Therefore, during a trial, when the issue is the defendant's guilt or innocence, the trial court may sometimes find it necessary to order the State to disclose the identity of the informant or to produce the informant. The trial court may order disclosure of an informant's identity when "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61, 1 L. Ed. 2d at 645, 77 S. Ct. at 628.

However, the United States Supreme Court and the Illinois Supreme Court "distinguish[ ] between the standard for disclosure of an informant's identity at trial as opposed to a preliminary hearing." (*People v. Vauzanges* (1994), 158 Ill. 2d 509, 519.) When a trial court is presented with a motion to produce an informant at a pretrial suppression hearing, the trial court is to exercise a discretionary standard. (*Vauzanges*, 158 Ill. 2d at 519-20.) In other words, the trial court is not required to produce the informant at a pretrial suppression hearing, but may elect to do so.

In this case, the defendant argues that he has a need to know the identity of the informant in order to assist him in making a "substantial preliminary showing" that the warrant was based on falsehood. The defendant must make a "substantial preliminary showing" that a false statement was knowingly or intentionally included in the affidavit to support the search warrant in order to obtain a *Franks* evidentiary hearing. (*Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.) However, it is firmly established in Illinois that a defendant does not have the right to the production of an informant prior to the time that it is found that he has made a "substantial preliminary showing." *People v. Martine* (1985), 106 Ill. 2d 429, 478 N.E.2d 262; *People v. Lesure* (1990), 195 Ill. App. 3d 437, 552 N.E.2d 363; *People v. Freeman* (1984), 121 Ill. App. 3d 1023, 460 N.E.2d 125.

In *People v. Martine*, the Illinois Supreme Court was faced with a similar argument as that presented to this court today. Martine, the defendant, sought to have the informant produced in order that she might be able to make her substantial preliminary showing. The

court began its discussion of this issue by looking at the language found in *Franks*:

" '*** [B]ecause we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant *once a substantial preliminary showing of falsity has been made.*' " (Emphasis in original.) *Martine*, 106 Ill. 2d at 437, 478 N.E.2d at 265, quoting *Franks*, 438 U.S. at 170, 57 L. Ed. 2d at 681, 98 S. Ct. at 2684.

The *Martine* court then concluded that the substantial preliminary showing must be made *before* the informant must be produced. (*Martine*, 106 Ill. 2d at 437, 478 N.E.2d at 265.) The defendant in this case has not yet made a substantial preliminary showing. We therefore affirm the decision of the trial court to refuse to order the State to produce the informant.

Nor do we conclude that it is proper to order an *in camera* hearing in this case, as the defendant suggests. As *Vauzanges* states, "[w]hen considering whether to order the production of the informant and/or the police file for an *in camera* examination or inspection, the trial court is concerned with the existence of the informant and with maintaining the integrity of the judicial process." (*Vauzanges*, 158 Ill. 2d at 520.) We are not concerned in this instance with whether the informant exists. The informant appeared before the judge issuing the search warrant in this case. Therefore, there is no need to order an *in camera* hearing to determine whether the informant exists.

The defendant also argues that the informant was not credible or reliable and that, therefore, his name should be disclosed. However, in this case, as noted above, the informant appeared before the judge issuing the search warrant. The judge had an opportunity to witness the informant's demeanor and to assess the credibility of the informant. Therefore, we do not find the defendant's argument to be persuasive.

We conclude that the trial court did not err in denying the motion to produce the informant.

Motion for a *Franks* Evidentiary Hearing

The defendant also filed a motion to suppress evidence, in which he requested a *Franks* evidentiary hearing. In support of this motion, the defendant attached several affidavits. These affidavits essentially stated that the defendant did not sell drugs to any individual on the day in question.

An affidavit in support of a search warrant is presumed valid.

(*People v. Lucente* (1987), 116 Ill. 2d 133, 147, 506 N.E.2d 1269, 1274, quoting *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674; *People v. McCoy* (1985), 135 Ill. App. 3d 1059, 482 N.E.2d 200.) However, in *Franks v. Delaware,* the United States Supreme Court held that a defendant may challenge the veracity of a search warrant affiant. As we have previously noted, to obtain an evidentiary hearing to challenge the search warrant affidavit, the defendant must make a "substantial preliminary showing." (*Franks,* 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676; *People v. Lucente* (1987), 116 Ill. 2d 133, 506 N.E.2d 1269.) Whether the defendant has made a sufficient "substantial preliminary showing" is a matter within the trial court's discretion. (*People v. Castro* (1989), 190 Ill. App. 3d 227, 236-37, 546 N.E.2d 662, 668.) Once the defendant makes a "substantial preliminary showing," the defendant is entitled to an evidentiary hearing. (*Franks,* 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.) If the defendant is successful in making a "substantial preliminary showing," then the search warrant is voided. *People v. Vauzanges* (1994), 158 Ill. 2d 509, 517, citing *Franks,* 438 U.S. at 156, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

●2 In the case at bar, the trial court refused to grant a *Franks* hearing. We agree that these affidavits do not rise to the level of having made a "substantial preliminary showing" of a deliberate falsehood and, therefore, the defendant is not entitled to an evidentiary hearing.

As the trial judge noted, these affidavits were all from interested parties. An affidavit of an interested party tends to be weaker support for a motion to quash the warrant. (See *People v. Lucente,* 116 Ill. 2d at 154, 506 N.E.2d at 1278.) Obviously, the defendant had an interest in denying the assertions of the John Doe informant. The defendant's mother and friend also had an interest in seeing that the defendant was not incarcerated.

More importantly, the affidavits do not establish that the defendant could not have sold cocaine to the informant on the day in question. First, the defendant's mother stated that she was in the apartment all day and she did not observe any drug sales. However, as the trial judge noted, there is no indication of the layout of the apartment in the affidavit and there is no reference concerning whether Mrs. Phillips had a clear view of the door and the remainder of the premises at all times.

Second, Daniel Crossland asserted that he was asleep the entire day. If he was asleep, then any person could have entered the apartment at any time and Crossland would not have been aware of the party's presence.

The final affidavit is from the defendant himself. A self-serving denial of the assertions contained in the affidavit supporting the complaint for a search warrant and an alibi of "I was asleep the whole time" cannot serve to create enough doubt concerning the truthfulness of the affidavit presented to support the search warrant.

In concluding that the affidavits do not rise to the level of creating a sufficient substantial preliminary showing, we look to *People v. Tovar* (1988), 169 Ill. App. 3d 986, 523 N.E.2d 1178, as support. In *Tovar*, the police officer obtained a search warrant based upon the statements of an informant. Tovar argued, however, that he deserved a *Franks* evidentiary hearing. To support this motion, Tovar presented two affidavits. One was his own affidavit, saying that he went to work on that day, returned at 4:45 p.m., had dinner with his family, went out at 6 p.m. to visit friends, and did not return until 10:30 p.m. Tovar also presented the affidavit of his wife which stated virtually the same thing.

The *Tovar* court ruled that the defendant was not entitled to an evidentiary hearing. It compared and distinguished *Lucente*, noting that in both cases the affidavits were from interested parties. However, in *Tovar*, the affidavits did not establish that it was impossible for an informant to have access to the apartment; the affidavits were akin to "I didn't do it" affidavits. Therefore, the court affirmed the decision of the trial court that the defendant was not entitled to an evidentiary hearing under *Franks*.

As in *Tovar*, we are here presented with affidavits from interested parties. Like *Tovar*, the affidavits presented by the defendant in this case do not establish that it was impossible for an informant to have access to an apartment. Therefore, we conclude that the defendant has not made a substantial preliminary showing, as required by *Franks*.

The defendant contends that a "different standard" should be applied when analyzing information supplied by a drug addict who is, in the words of the defendant, "presumptively unreliable." In his argument, the defendant compares the informants in *Franks*, who were ordinary citizens, with the informant in this case. The defendant states that the *Franks* court held that a challenge to the officer's affidavit must establish that the officer had lied or had acted with reckless disregard for the truth. However, the defendant asserts that the standard in this case should instead be one which allows defendants to attack the credibility of the informant.

●3 *Franks* did not address the question which the defendant raises here concerning whether a reviewing court should apply a lower standard where the informant is not an ordinary citizen. The defen-

dant cites us to no cases decided after *Franks* which concluded that a different standard should be applied. Moreover, we do not believe that this is the proper case in which to raise this issue. In this case, the informant appeared before the judge issuing the search warrant and the judge was able to assess the credibility of the informant. After observing the informant, the judge issued the search warrant.

As previously noted, this search warrant is presumed to be valid. The defendant has shown no reason why this presumption should be challenged in this case. For the above reasons, then, we conclude that the trial court did not err in denying the motion to suppress.

The Supplemental Motion to Suppress Evidence

In the supplemental motion to suppress evidence, the defendant contends that all evidence should be suppressed for essentially two reasons. First, the defendant argues that there was no showing that the informant was credible. Then, the defendant's argument evolves into an assertion that the police made no attempt to corroborate any of the informant's allegations.

In raising these issues, the defendant asserts that this court should apply the test established in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317. *Gates* set forth what has come to be known as the "totality of the circumstances" analysis. The *Gates* Court set forth the test as follows:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-39, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332, quoting *Jones v. United States* (1960), 362 U.S. 257, 271, 4 L. Ed. 2d 697, 708, 80 S. Ct. 725, 736.

The "totality of the circumstances" standard which was established in *Gates* was adopted in Illinois in *People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.

First, the defendant states that there was no indication in the search warrant that the informant was reliable. Therefore, the defendant argues that the evidence obtained from the search should be suppressed. As support for this argument, the defendant relies primarily upon *Illinois v. Gates*, which involves an affidavit which was based upon the hearsay statements of an informant.

●4 In this case, however, there is no question that the informant appeared before the judge who issued the search warrant and the warrant was based on the informant's personal observations. The complaint for the search warrant contains the unequivocal statement, "I John Doe [*sic*] appear before this court and relate the following ***," and the complaint for the search warrant was signed by "John Doe." Additionally, at oral argument, counsel for the defendant acknowledged that the informant probably appeared before the judge issuing the search warrant.

Despite the defendant's attempts to have us apply the analysis presented in *Gates*, cases which concern the credibility of hearsay informants have no relevance to a case such as that presented here, where the informant appears before the issuing judge. (See, *e.g.*, *People v. O'Neal* (1976), 40 Ill. App. 3d 448, 450-51, 352 N.E.2d 282, 284.) When the informant appears before the judge issuing the search warrant, the informant is under oath and any statement which he makes is subject to that oath; moreover, the judge has the opportunity to personally observe the demeanor of the informant and to assess the informant's credibility. (See J. Haddad, *Arrest, Search and Seizure* ch. 15, § 15.14 (Ill. Inst. for Cont. Legal Educ. 1985 & Supp. 1990).) Therefore, "[w]here the informant himself is the affiant to the complaint and he recites facts that he personally observed, a showing of the reliability of the informant is not constitutionally required." *People v. Skinner* (1985), 136 Ill. App. 3d 119, 121, 483 N.E.2d 399, 401. See also *People v. Evans* (1978), 57 Ill. App. 3d 1044, 1049-50, 373 N.E.2d 524, 528.

The second point which the defendant raises is that there was no probable cause to issue the search warrant because the affidavit did not indicate that the police had made an attempt to corroborate any of the informant's allegations. We conclude that this argument is also without merit.

Corroboration was not needed in this case where the informant appeared before the judge issuing the search warrant. We recognize the value of independent police corroboration of an informant's tip. (See *Gates*, 462 U.S. at 241, 76 L. Ed. 2d at 550, 103 S. Ct. at 2334.) However, the analysis set forth in *Gates* is based upon affidavits which rely upon hearsay. Therefore, the analysis applied in *Gates* is not applicable to the set of facts presently before this court.

This case is different because the informant appeared before the judge issuing the search warrant. Therefore, we do not need corroboration of the informant's allegations because the judge issuing the search warrant had an opportunity to assess the informant's veracity and to determine the basis of his knowledge. The judge had a

substantial basis for concluding that probable cause existed. In this case, corroboration by the police of the information included in the warrant affidavit was not necessary.

For these reasons, we conclude that the supplemental motion to suppress evidence was properly denied.

## THE PROPRIETY OF THE SENTENCE

After a sentencing hearing at which the trial judge was presented with both aggravating and mitigating factors, the defendant was sentenced to 18 years' incarceration. The defendant argues that his sentence was excessive, specifically alleging that the court overlooked mitigating factors.

The State argues that this issue is waived. The defendant did not raise any objection at the sentencing hearing. The defendant also did not raise any issue with respect to sentencing in a post-trial motion. However, we note that the State's argument is no longer viable, in light of the recent decision rendered by the Illinois Supreme Court. *People v. Lewis* (1994), 158 Ill. 2d 386.

•5 Nonetheless, we find that the defendant's position has no merit. A trial judge's decision with respect to sentencing is entitled to great weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884; *People v. Kirkman* (1993), 241 Ill. App. 3d 959, 965, 609 N.E.2d 827, 832.) The trial court is in the best position to determine an appropriate sentence because of its ability to hear evidence and view witnesses. (*People v. Jones* (1992), 236 Ill. App. 3d 244, 251, 603 N.E.2d 619, 624.) Therefore, "the imposition of a sentence is a matter of judicial discretion and ***, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review." *Perruquet*, 68 Ill. 2d at 153, 368 N.E.2d at 883. See also *People v. Houston* (1992), 240 Ill. App. 3d 754, 767, 608 N.E.2d 46, 54.

Moreover, a sentence which is within the statutory guidelines will not be disturbed upon review unless it is grossly disproportionate to the nature of the offense. (*People v. Moore* (1988), 178 Ill. App. 3d 531, 542, 533 N.E.2d 463, 470.) The offense of possession of more than 100 but less than 400 grams of a controlled substance with intent to deliver is punishable by a prison term of not less than 9 years and not more than 40 years. (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1401.1(1).) The defendant was sentenced to 18 years' incarceration. This sentence is squarely within the sentencing guidelines established in the statute. We do not find that the trial judge abused his discretion in this matter.

The defendant argues that the court failed to consider such factors as his educational background and his employment history in

mitigation. When a court hears evidence in mitigation, it is presumed that a court considered that evidence. (*People v. Whitehead* (1988), 171 Ill. App. 3d 900, 908, 525 N.E.2d 1084, 1089.) The record in this case indicates that the court stated at sentencing that it considered the factors which the parties presented in aggravation and mitigation. Specifically, the court stated:

> "Having consider[ed] the factors in aggravation and mitigation that's been [*sic*] presented during this sentencing hearing as well as the pre-sentence report that's been filed ***, I believe a proper sentence in this case would be that of 18 years in the Illinois Department of Corrections, and that's the sentence I'm going to impose upon you.
> ***
> The amount of narcotics involved was substantial, and that in conjunction with your prior background indicates to me that you have had more involved connection with drug trafficking than most individuals. ***
> * * *
> Your background is also substantial, and I believe a sentence such as this is warranted."

Based upon this statement by the trial judge, we believe that the trial court properly considered all factors in aggravation and mitigation.

The defendant also argues that an 18-year sentence reduces the chances of rehabilitation of this defendant. However, "a trial court is not required to give rehabilitative potential more weight than it gives the seriousness of an offense." (*People v. Tatum* (1989), 181 Ill. App. 3d 821, 826, 537 N.E.2d 875, 878.) The prime responsibility for determining the proper balance between the two factors lies with the trial court. (*People v. Greene* (1987), 160 Ill. App. 3d 1089, 1099, 513 N.E.2d 1092, 1098.) We will not disturb the trial court's decision in this matter.

## CONCLUSION

In conclusion, we affirm the decision of the trial court. We find that the trial court properly denied the motion to produce the informant. The trial court also properly dismissed the motion to suppress evidence and the supplemental motion to suppress evidence. The trial court did not abuse its discretion in sentencing the defendant to 18 years' imprisonment.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.