# Illinois Official Reports

## Appellate Court

---

### *People v. Whitfield*, 2014 IL App (1st) 123135

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JODECI WHITFIELD, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-3135 |
| Filed | December 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions and sentences for attempted murder, aggravated battery with a firearm, aggravated discharge of a firearm, and aggravated unlawful use of a weapon, including a 25-year mandatory enhancement, were upheld on appeal, notwithstanding defendant's contentions that the trial court's improper admission of hearsay evidence required a new trial, that the trial court improperly admitted as substantive evidence two officers' testimony about an alleged prior identification made by a victim who did not make an in-court identification and testified that he never made an identification, and that the sentences were excessive, since the evidence either did not constitute inadmissible hearsay or was substantively admissible under section 115-12 of the Code of Criminal Procedure, and defendant's personal history and the aggravating and mitigating factors were considered along with defendant's rehabilitative potential, and under the circumstances there was no abuse of discretion in the sentences imposed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-12211; the Hon. Angela Munari Petrone, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Giovannini & Olshansky, of Chicago (Stefan K. Fenner, of counsel), for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Peter D. Fischer, and Joan F. Frazier, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE PALMER delivered the judgment of the court, with opinion.
Justices McBride and Gordon concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial, defendant Jodeci Whitfield was convicted of two counts of attempted murder, aggravated battery with a firearm, aggravated discharge of a firearm, and aggravated unlawful use of a weapon (UUW). He was then sentenced to an aggregate term of 45 years' imprisonment, which included a 25-year mandatory enhancement. On appeal, defendant contends that hearsay evidence was improperly admitted at trial, requiring remand for a new trial; and that the sentences imposed by the court were excessive. We affirm.

¶ 2                                BACKGROUND

¶ 3    Prior to trial, defendant filed a motion *in limine* requesting, in pertinent part, that the State be precluded from introducing at trial testimony that people at or near the scene of the incident pointed in his general direction in the presence of police. He alleged that the pointing was a nonverbal assertive statement communicated by unknown individuals, which would violate his right to confrontation. Defendant maintained that the jury could easily conclude from this testimony that he fired a gun.

¶ 4    At the proceeding on this motion, defendant argued that even if a limiting instruction is given to the jury, a normal person is likely to speculate that the person they were pointing at had a gun or fired a weapon. Defendant maintained that because what these people were indicating or had seen is unknown, this evidence was irrelevant, had no probative value, and is highly prejudicial.

¶ 5    The State responded that the evidence at trial would be that at least one of the victims ran toward police yelling, "he is shooting," and pointed in the direction of defendant. Other evidence would show that a group of people on a porch pointed at defendant and the police began to pursue him. The State asserted that this evidence was admissible because identification is an exception to the hearsay rule, and, further, that pointing goes to the course of conduct of the officers.

¶ 6 The court denied defendant's motion, finding that police may recount the steps leading up to defendant's arrest. The court noted that defendant never indicated that there were specific words he wanted excluded, but only that he did not want testimony regarding the people pointing, and that if he wanted certain words excluded, he should present a motion on it.

¶ 7 Defendant also filed a motion to bar the State from calling David Baker, one of the victims, as a witness. Defendant alleged, in relevant part, that according to a detective's supplementary report, Baker identified defendant as the person who shot him. However, when Baker met with defendant's investigator, he told the investigator that he did not know who shot him, but that he knew it was not defendant, and never identified defendant. Baker also provided a signed, written statement to that effect. Defendant maintained that if Baker was allowed to testify in the State's case, such testimony would only be admissible as impeachment and not substantive evidence under section 115-10.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10.1 (West 2012)) as no prior inconsistent statements had been memorialized in writing, audio or video. He also claimed that his due process rights would be violated if the State was allowed to call Baker for the sole purpose of impeaching him with unmemorialized statements, where he had not been provided with any impeachment evidence that conformed to section 115-10.1 of the Code and any unrecorded oral statement is inadmissible under that section.

¶ 8 At the proceeding on this motion, defendant informed the court that the State could not call a witness solely to impeach him, but must also offer substantive evidence. The State responded that Baker was not being presented solely to impeach him, that he was going to testify regarding everything that occurred on the night of the incident and that the only thing Baker was recanting was his identification of defendant as the shooter. The State also informed the court that Baker's prior identification of defendant could be admitted as substantive evidence. The court denied defendant's motion, noting that Baker may testify consistently with what he told the State or consistently with what he told defendant's counsel.

¶ 9 At trial, Deon Stewart testified that at 5 p.m. on June 3, 2008, he and his friend Baker were on the 400 block of North Lavergne Avenue watching two people rapping. While there, a male in a black "hoodie" with orange stripes came up to them and said something unintelligible. Stewart could see the lower part of his face and identified defendant in court as this person. When defendant was 10 feet away from Stewart, he pulled out a gun and pointed it at Stewart's head. Stewart fled, hearing several gunshots, and when he turned around, he noticed that defendant's gun had jammed. Stewart kept running with Baker, but they separated, and when he returned to the location of the shooting to find Baker, Stewart saw defendant in the back of a police car. Stewart informed police that defendant was the shooter and identified him in a lineup.

¶ 10 Stewart acknowledged that he had a 2010 conviction for possession of a controlled substance, for which he received probation but violated it and was then incarcerated. He also had a 2007 conviction for disarming a police officer.

¶ 11 Chicago police officer Leif Goff testified that at 6:40 p.m. on the day in question, he was driving in the area of Kinzie Street and Lavergne Avenue with his partner, Officer Petrusonis, when he heard three gunshots. As he drove in the direction of the gunshots, he saw two young males running southbound on Lavergne Avenue, shouting, "he is shooting, he is shooting." One of them pointed behind him, and when Officer Goff looked in that direction, he saw defendant, and no one else, running eastbound on Hubbard Street in a dark shirt with an orange

stripe. Officer Goff turned east onto Hubbard Street and saw defendant look in his direction, then begin to walk.

¶ 12        Officer Goff continued driving in defendant's direction and saw a group of people on a porch on the north side of Hubbard Street. When Officer Goff was asked by the State if these people made any gestures, defendant objected but was overruled. The officer then testified that three people pointed at defendant. At that point, the court interjected and informed the jury that the officer's testimony regarding this encounter is not offered for the truth of the matter asserted, but to show the course of conduct of police in their investigation.

¶ 13        Officer Goff further testified that defendant fled when he pulled alongside him. The officers then exited their vehicle, announced their office, and told defendant to stop, but he continued to run, and when told to show his hands, he refused. The officers eventually handcuffed defendant and discovered a gun on him, but at the time, the officers were unaware that anyone had been shot.

¶ 14        At that point in the proceedings, defendant renewed his objection to the State calling Baker as a witness, which the court denied. Baker then testified that at the time in question, he was watching some people rap with Stewart when someone came up to them and started shooting. Baker had never seen this man before, had no idea why he was shooting at them, and did not recall what the shooter was wearing. He fled when the shooting started, heard a total of four gunshots, and was struck by a bullet in the back of his leg. Baker went to his grandmother's house, then to the hospital where he received medical treatment, including antibiotics, for the through-and-through gunshot wound to his leg, and was released after a couple of hours.

¶ 15        Baker testified that he later went to the police station to view a lineup. He stated that he was told by police that the shooter was in position one in the lineup but that he told the officer that this person was not the offender. Baker testified that he did not pick anyone out in the lineup. He denied telling Detective Tedeschi that a male black wearing a black hooded sweatshirt with an orange stripe had approached him. He also denied telling Tedeschi that the reason he had not told police at the scene that he had been shot was because he was afraid. Baker testified that he later saw the shooter at a mall, but did not call police.

¶ 16        Baker denied telling the assistant State's Attorney (ASA) that defendant was the shooter and that he would not identify him in open court because he was afraid. He also denied telling her he was afraid to identify defendant in court because he was afraid of what would happen to him and his family. He testified that the shooter was not present in court. He then acknowledged that he was currently incarcerated for armed robbery in Indiana, that he was convicted of aggravated UUW and delivery of cannabis in 2006 and that he was adjudicated delinquent of burglary in 2004.

¶ 17        Chicago police officer Kyle Mingari testified that he and his partner, Officer Hart, met with Baker after the shooting. Baker told him that he observed defendant placed in a squad car and that defendant was the shooter.

¶ 18        Chicago police detective Brian Tedeschi testified that he put together the lineup of five individuals. He told Baker that the offender may or may not be in the lineup, and Baker identified defendant as the shooter.

¶ 19        The parties stipulated that Dr. Trac Nghiem would testify that at 7:15 p.m. on June 3, 2008, he treated Baker in the emergency room at Loyola Hospital for a gunshot wound to the right lower leg. He found that Baker suffered soft tissue swelling from a through-and-through

gunshot wound, which was irrigated and dressed, and he was discharged from the hospital at 9:10 p.m.

¶ 20    At the close of evidence, the jury found defendant guilty of two counts of attempted murder, aggravated battery with a firearm, aggravated discharge of a firearm, and aggravated UUW. Defendant subsequently filed a motion for a new trial, alleging, in relevant part, that the court erred in denying his motion *in limine* to preclude the State from introducing testimony that people near the crime scene pointed in his general direction in the presence of police, and in overruling his objections to that testimony at trial. He also alleged that the court erred in denying his motion to bar the State from calling Baker as a witness.

¶ 21    The court denied the motion, finding no error in the denial of defendant's motion to bar Baker from testifying where he was the victim, made an identification of defendant, and although he recanted the identification, he provided evidence regarding the circumstances which led to his being shot. The court further noted that the testimony regarding the people pointing to defendant was admitted solely to show the course of police conduct.

¶ 22                                    ANALYSIS

¶ 23    On appeal, defendant continues to challenge the trial court's ruling on these evidentiary matters. He first contends that the court erred in admitting hearsay evidence from police that unknown individuals pointed him out. He maintains that the testimony that two unknown individuals yelled, "he is shooting, he is shooting," and pointed toward him and that three bystanders pointed police in his direction were out-of-court hearsay identifications, which did not conform to the requirements of section 115-12 of the Code (725 ILCS 5/115-12 (West 2012)).

¶ 24    As an initial matter, we observe that defendant did not object in the trial court to the testimony regarding two unknown individuals yelling, "he is shooting, he is shooting," or to the prosecutor's comments regarding it during closing argument. He also did not object during the trial to Officer Goff's testimony that one of the two unknown individuals, who were running from the scene yelling, pointed behind them. To preserve an issue for review, defendant must object at trial and raise the matter in a written posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Since defendant failed to raise these matters in the trial court, he failed to preserve any issue regarding them for purposes of review. *Enoch*, 122 Ill. 2d at 186. Defendant did, however, properly preserve his contention that the officer's testimony regarding the two unknown individuals pointing in his direction and the people on the porch pointing him out to police was inadmissible hearsay by objecting at trial and raising the issue in his posttrial motion.

¶ 25    It is axiomatic that a defendant is guaranteed the right to confront witnesses against him by the confrontation clauses of both the United States and Illinois Constitutions. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is excluded from evidence primarily because of the lack of an opportunity to cross-examine the declarant. *People v. Peoples*, 377 Ill. App. 3d 978, 983 (2007). However, an out-of-court statement that is offered for a purpose other than to prove the matter asserted is not hearsay and does not implicate the confrontation clause. *Peoples*, 377 Ill. App. 3d at 983. Thus, testimony concerning statements offered for the limited purpose of showing the course of police investigation where such testimony is necessary to fully explain the State's case to the trier of fact is not inadmissible hearsay. *People v. Jura*, 352 Ill. App. 3d

1080, 1085 (2004). The determination of the admissibility of evidence is within the discretion of the trial court, and its ruling will not be reversed on appeal absent an abuse of discretion. *Jura*, 352 Ill. App. 3d at 1085.

¶ 26 Defendant maintains that Officer Goff's testimony that three people pointed him out to the officer was identification hearsay and thus inadmissible. He maintains that in order for this identification to be substantively admissible under section 115-12 of the Code (725 ILCS 5/115-12 (West 2012)), the declarant must testify at trial or hearing, the declarant must be subject to cross-examination concerning the statement, and the statement must be one of identification of a person made after perceiving him.

¶ 27 Here, the record shows that the people on the porch merely pointed at defendant as police pursued their investigation of the incident and made an investigatory stop. There is no indication that these unidentified individuals witnessed the shooting that occurred on the 400 block of North Lavergne Avenue, or that they identified defendant as the offender. Under these circumstances, the testimony regarding this momentary encounter does not constitute inadmissible identification hearsay.

¶ 28 Moreover, the record shows that this evidence was introduced for the sole purpose of showing the conduct of police and the steps in their investigation, which falls outside the category of hearsay. *People v. Canity*, 100 Ill. App. 3d 135, 150-51 (1981). Absent a showing to the contrary, we presume that the jury followed the trial court's instructions to that effect in reaching its verdict. *People v. Richardson*, 2011 IL App (5th) 090663, ¶ 23. We, therefore, conclude that the testimony in question was not inadmissible hearsay (*Canity*, 100 Ill. App. 3d at 150-51), that it was properly allowed to show the course of police conduct, and there was no abuse of discretion in its admission (*Jura*, 352 Ill. App. 3d at 1085).

¶ 29 Defendant next contends that the trial court erred in admitting as substantive evidence the testimony of Officers Tedeschi and Mingari as to the alleged prior identification made by Baker where Baker did not make an in-court identification of him and testified that he never made such an identification. He maintains that the court erred in admitting this evidence because there is no evidence that the statement is an identification made after Baker perceived the shooter as required under section 115-12 of the Code (725 ILCS 5/115-12 (West 2012)). The State responds that defendant forfeited this specific objection because he did not raise it below.

¶ 30 "The law is clear that '[a]n objection to evidence based upon a specific ground is a waiver[, *i.e.*, forfeiture] of objection on all grounds not specified.' " *People v. Bennett*, 159 Ill. App. 3d 172, 180 (1987) (quoting *People v. Washington*, 23 Ill. 2d 546, 548 (1962)). In the trial court, defendant objected to the State calling Baker on the specific ground that the State would be improperly introducing Baker for the sole purpose of impeaching him with unmemorialized statements to police. Defendant did not raise the specific objection presented here, that there is no evidence that the statements Baker made to police are identifications made after Baker perceived the shooter, as required under section 115-12 of the Code (725 ILCS 5/115-12 (West 2012)). Furthermore, the objection at the trial court level was to Baker's testimony and *not* the officers' testimony, which defendant raises for the first time on appeal, resulting in waiver[, *i.e.*, forfeiture]. *Enoch*, 122 Ill. 2d at 186.

¶ 31 In any event, the issue is without merit. Section 115-12 provides: "A statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant is subject to cross-examination concerning the statement, and (c) the

statement is one of identification of a person made after perceiving him." 725 ILCS 5/115-12 (West 2012). In support of his position, defendant cites *People v. Stackhouse*, 354 Ill. App. 3d 265 (2004), noting that it has been overruled "in part" in *People v. Lewis*, 223 Ill. 2d 393 (2006). In *Stackhouse*, the victim testified that a man and a woman robbed him, but he did not see the man, and the trial court allowed the responding officer to testify that the victim identified both offenders shortly after the robbery. *Stackhouse*, 354 Ill. App. 3d at 267-69, 276. Defendant argued on appeal that the officer's testimony on this point was hearsay and improperly admitted under section 115-12. *Stackhouse*, 354 Ill. App. 3d at 276. *Stackhouse* held that the testimony was impermissible hearsay under section 115-12 because that section requires "the declarant to testify and be subject to cross-examination regarding the out-of-court identification statement *before* a third party may testify to the making of such a prior statement of identification by the declarant." (Emphasis in original.) *Stackhouse*, 354 Ill. App. 3d at 278. *Stackhouse* further held that an unequivocal denial at trial by the identification witness that he ever made an out-of-court statement of identification precludes the admissibility of any testimony by the third party of the alleged prior identification under section 115-12. *Stackhouse*, 354 Ill. App. 3d at 279. The court concluded that in that case the admission of the hearsay identification testimony was harmless error where there was overwhelming, nonhearsay evidence of defendant's guilt. *Stackhouse*, 354 Ill. App. 3d at 281.

¶ 32      In coming to this conclusion, the *Stackhouse* court relied upon and extended the reasoning of *People v. Bradley*, 336 Ill. App. 3d 62 (2002). In *Bradley*, the victim had identified the defendant in a photo array to a detective. The photo array was not available on the first day of trial and, therefore, the victim did not testify regarding the identification in the photo array. On the second day of trial, the State did not recall the victim to the stand and instead called the detective to testify that the victim previously identified the defendant in a photo array as the assailant. *Bradley*, 336 Ill. App. 3d at 70. The *Bradley* court held that under section 115-12, "[b]efore a third person is permitted to testify as to a witness's out-of-court statement of identification, the witness must first testify as to the out-of-court identification." *Bradley*, 336 Ill. App. 3d at 70.

¶ 33      The *Stackhouse* court reasoned that given the holding in *Bradley*, it logically flowed that if section 115-12 required the declarant to testify and be subject to cross-examination regarding an out-of-court identification statement *before* a third party could testify to the making of such prior identification, then a denial by the identification witness that an identification was made precludes the admissibility of testimony by a third-party witness regarding the declarant's prior identification statement. In so holding the *Stackhouse* court stated:

> "Here, we have direct testimony from the victim, under both direct and cross-examination, that he did not see the male offender during the course of the robbery and did not identify the male offender shortly after the robbery during the confrontation in the Walgreen's parking lot. Based on this testimony and our decision in *Bradley*, we hold that Officer Ferguson's testimony that Ortiz identified 'both' offenders in the Walgreen's parking lot was inadmissible hearsay. Clear and unequivocal testimony that no identification was ever made of the defendant by the victim of the crime precludes the admissibility of an out-of-court identification statement by a third party no less so than when no testimony is elicited from the victim regarding 'his out-of-court statement of identification.' *Bradley*, 336 Ill. App. 3d at 70. Stated differently, if the absence of testimony by the identification witness concerning

'his out-of-court statement of identification' precludes the admissibility of testimony by the third party regarding the declarant's prior identification statement, an unequivocal denial by the identification witness that he ever made an 'out-of-court statement of identification' likewise precludes the admissibility of any testimony by the third party of the alleged prior identification statement under section 115-12. It is a logical and compelling extension of our holding in *Bradley* that in the face of clear and unequivocal testimony by Ortiz that he never identified the defendant at the parking lot shortly after the robbery, Officer Ferguson's testimony that Ortiz identified 'both' offenders shortly after the robbery was not admissible as substantive evidence under section 115-12. *Bradley*, 336 Ill. App. 3d at 70." *Stackhouse*, 354 Ill. App. 3d at 279.

¶ 34 Ultimately however, *Bradley*, which was the logical underpinning of *Stackhouse*, was overruled by our supreme court in *Lewis*, 223 Ill. 2d 393, a case that presented the same exact factual scenario as *Bradley*. There, the identification declarant testified but was not asked on direct examination about her identification of the defendant from a photo array. The State then asked a police detective to testify concerning that photo array identification. The trial court overruled an objection that was based on the argument that section 115-12 could only apply if the declarant testified to the identification first. Our supreme court affirmed that ruling and rejected *Bradley* and *Stackhouse* to the extent that they held otherwise.

¶ 35 In rejecting *Bradley* and *Stackhouse* on this point, our supreme court stated:

"The plain language of section 115-12 requires the declarant to testify and be subject to cross-examination on the identification statement. 725 ILCS 5/115-12 (West 2002). There are no other requirements for admission of a third party's testimony about the declarant's out-of-court identification. The statute does not expressly require the declarant to testify on the out-of-court identification before a third party may testify about that identification. This court may not add a requirement for the order of the witness' testimony when it is not found in the plain language of the statute. [Citation.] In sum, the language of section 115-12 is plain and unambiguous, and it does not require a declarant to testify to the out-of-court identification before a third party may offer testimony on that matter.

As noted, *Bradley* and *Stackhouse* have held that section 115-12 requires a declarant to testify on his or her out-of-court identification before a third party may testify about that identification. *Bradley* and *Stackhouse* conflict with our holding that the plain language of section 115-12 does not impose a requirement concerning the order of the witness' testimony. Accordingly, we hereby overrule *Bradley* and *Stackhouse* to the extent that those cases conflict with our decision." *Lewis*, 223 Ill. 2d at 402-03.

See also *People v. Miller*, 363 Ill. App. 3d 67, 73-74 (2005) (another division of this court, contrary to *Stackhouse*, held that the declarant's prior statement of identification is admissible as substantive evidence when testified to by a witness to the identification, such as an officer, even when the declarant at trial denies making or repudiates the identification and denies that defendant was involved in the crime). As noted above, the *Stackhouse* court stated that its decision was a logical extension of *Bradley*. *Bradley* was overturned on the very point that *Stackhouse* relied. As a result, we believe that *Stackhouse* was wrongly decided and we decline to follow it.

¶ 36    Here, defendant maintains that the victim, Baker, did not perceive the shooter as required by section 115-12.[1] The victim testified that he saw the offender during the shooting. His identification of defendant, as testified to by police, was thus made after he perceived the shooter. Furthermore, as noted above, even though Baker denied identifying defendant as the shooter, his out-of-court statements of identification made to the officers were substantively admissible under section 115-12 of the Code. *Miller*, 363 Ill. App. 3d at 73 n.1. Accordingly, the trial court did not err in allowing this evidence in substantively.

¶ 37    Defendant also contests the State's questioning of Baker regarding his motive for not identifying defendant in court and his prior statements that he had been afraid to testify. Defendant did not object to this line of questioning below and, accordingly, has waived, *i.e.*, forfeited any issue regarding it. *Enoch*, 122 Ill. 2d at 186.

¶ 38    Finally, defendant contends that his sentences for the attempted murders were excessive where he had no history of prior adult convictions, Baker's injury was minor and Stewart suffered no injury. He claims that the sentences are manifestly disproportionate to the nature of the offense, especially where he received a 30-year sentence for aggravated battery with a firearm, and the sentence imposed for shooting at Stewart was greater than the one imposed for shooting Baker.

¶ 39    As an initial matter, we observe, contrary to defendant's contention, that the record shows that the court sentenced defendant on count III (attempted murder of Baker) to 20 years' imprisonment with a 25-year firearm enhancement, and on count V (attempted murder of Stewart) the court "likewise sentenced [defendant] to a total term of 45 years." Accordingly, the sentences imposed for counts III and V were the same.

¶ 40    We further observe that there is no dispute that the sentences imposed for attempted first degree murder fell within the statutory range of 6 to 30 years' imprisonment (730 ILCS 5/5-4.5-25 (West 2012)), and provided for a sentencing enhancement of 25 years to natural life (720 ILCS 5/8-4(c)(1)(D) (West 2012)). As a result, we may not disturb the sentences imposed by the court absent an abuse of discretion (*People v. Bennett*, 329 Ill. App. 3d 502, 517 (2002)), and find none here.

¶ 41    Although defendant points out that he had no prior adult convictions, we note that he was 16 years old when he committed these offenses and that the court was aware of the various sentencing factors set out here for our consideration. The record shows that the court denied the State's request to impose consecutive sentences, but also noted that Baker sustained a through-and-through gunshot wound to his leg, and defendant's act of shooting in the direction of Stewart's head, thwarted only by a malfunction of his gun, was a very serious offense. We note that the court was not required to give greater weight to defendant's rehabilitative potential than to the seriousness of the offense (*People v. Phillips*, 265 Ill. App. 3d 438, 450 (1994)), which involved shooting unarmed victims who did not provoke him, and imposed sentences within the statutory requirements.

---

[1]On appeal, defendant does not contend that the first two prongs of section 115-12 have been met. We note further that, in *Lewis*, our supreme court specifically held that when the identification witness takes the stand and testifies, that witness is considered to be "subject to cross-examination concerning the statement," even if that witness did not testify to the identification on direct examination. (Internal quotation marks omitted.) *Lewis*, 223 Ill. 2d at 404.

¶ 42     We further observe that defendant briefly maintains that the maximum sentence of 30 years' imprisonment for aggravated battery with a firearm for shooting at Baker further demonstrates that the sentences imposed were disproportionate to the nature of the offense. We, however, agree with the trial court that defendant's crime of his unprovoked shooting of unarmed victims on a public street was a serious offense. In addition, the record shows that the trial court gave serious consideration to defendant's personal history, as well as the mitigating and aggravating factors presented, and imposed the maximum term on this offense. We find the sentence proportionate to the nature of the offense and consistent with the purpose of the law, including balancing the seriousness of the offense with defendant's rehabilitative potential (*People v. Campbell*, 2014 IL App (1st) 112926, ¶ 74), and no abuse of discretion by the trial court in imposing it.

¶ 43                                    CONCLUSION
¶ 44     In light of the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 45     Affirmed.