# Illinois Official Reports

## Appellate Court

---

### *People v. Voss*, 2014 IL App (1st) 122014

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CORNELIUS VOSS, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-2014 |
| Filed | December 17, 2014 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CF-3696; the Hon. Thomas Joseph Hennelly, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Benjamin Wimmer, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Janet C. Mahoney, and Monique Patton, Assistant State's Attorneys, of counsel), for the People. |

Panel                    JUSTICE MASON delivered the judgment of the court, with opinion.
                         Justices Lavin and Hyman concurred in the judgment and opinion.


**OPINION**

¶ 1        Before a trial on drug possession and related charges, defendant-appellant Cornelius Voss
           moved for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), seeking to quash a search
           warrant that led to the evidence against him. The trial court denied the motion and held a bench
           trial. The trial court found Voss not guilty of possession with intent to deliver, but guilty of the
           lesser included offense of possession of cannabis. Voss filed a posttrial motion, arguing that
           the trial court erred in denying his motion for a *Franks* hearing. The trial court denied the
           motion, and Voss was sentenced to one year in prison. On appeal, Voss contends that he made
           a "substantial preliminary showing" that the statements made in the affidavits supporting the
           search warrant were untruthful and, thus, the trial court erred in denying his motion for a
           hearing under *Franks*. We disagree and affirm.


¶ 2                                    BACKGROUND
¶ 3        On April 17, 2011, Officer Joseph Papke submitted a sworn affidavit in support of a
           warrant to search Voss's apartment located at 1046 North Monitor in Chicago. In the
           complaint, Officer Papke summarized his experience as a police officer and included
           information obtained from a confidential informant referred to as "J. Doe." Officer Papke
           detailed the facts as provided by the confidential informant:

>          "On 14 Feb 2011, J. Doe went to 1046 N Monitor Ave to meet 'C-Time' to
>          purchase Cannabis. J. Doe knocked on the front window, at which time 'C-Time' came
>          to the door, and brought J. Doe to front room. After talking, 'C-time' asked J. Doe,
>          'how many of them do you want?' J. Doe told 'C-Time', 'let me get 10' and handed
>          'C-Time' $100.00 usd. 'C-Time' then walked into the kitchen along with J. Doe. On
>          the table, J. Doe saw (5) large freezer plastic baggies containing cannabis packaged for
>          street distribution. 'C-Time' then reached into one of the bags and removed (10)
>          smaller plastic baggies containing suspect cannabis[,] turned and handed them to J.
>          Doe. As J. Doe continued to talk to 'C-Time' in the kitchen, J. Doe observed on the
>          table (2) semi automatic handguns, (1) a small blue steel .40mm handgun, and the other
>          a chrome semi automatic. J. Doe stated to 'C-Time' 'those are some nice stingers,'
>          where 'C-Time' responded 'that aint shit!' 'C-Time' then walked J. Doe out the front
>          door, and told J. Doe 'come back when you need more.' J. Doe then left the area. J. Doe
>          then smoked the cannabis and received the same euphoric sensation he always receives
>          from ingesting cannabis. J. Doe has bought from 'C-Time' every other day for the past
>          three years. Every time he has bought he has received the same euphoric sensation. J.
>          Doe also knows the handguns to be real, because he has seen, held and shot handguns
>          in the past and knows them to be real."

¶ 4        Officer Papke averred that he drove J. Doe by 1046 North Monitor and J. Doe pointed to
           the first-floor window at that address and stated that was where he bought the cannabis from

"C-Time" and where he saw the two handguns. Officer Papke ran the name "C-Time" through a Chicago police department database and found that Voss was listed as having that alias. Officer Papke showed the informant a picture of Voss, who identified the picture as the person he knows as "C-Time." The officer also ran a criminal history check on Voss and found him to be a convicted felon for possession of a controlled substance.

¶ 5    Both the informant and Papke appeared before the issuing judge, and the warrant was issued. Pursuant to the warrant, police searched Voss's apartment and found cannabis and three documents bearing Voss's name and address. This evidence was introduced at trial.

¶ 6    Before trial, Voss filed a motion for a *Franks* hearing seeking to quash the search warrant and suppress the evidence found in the search. In the motion, Voss challenged the veracity of the statements contained in the affidavit in support of the search warrant. Voss claimed that no purchase had occurred at the apartment on February 14, 2011, that he was not in the apartment for the majority of the day, and when he was there, he did not sell cannabis to anyone. In support of his motion, Voss attached his own affidavit as well as affidavits from the other residents of the apartment, including his girlfriend and the mother of his two daughters (Christine Ballard), and two other roommates (Pierre McDonald and Brittany Patterson).

¶ 7    In Voss's affidavit, he stated that on February 14, 2011, he was at home between midnight and 8:15 a.m. At 8:15 a.m., he left with Ballard and their two daughters to drop them off at school and daycare, went to the dollar store to purchase balloons and flowers for Valentine's Day, and then went to Portillo's restaurant around 10:30 or 11 a.m. Once he and Ballard left the restaurant, they returned home at noon and stayed until 1:45 or 2 p.m., at which time they left to go to a movie theater. Voss and Ballard left the movie theater at around 2:45 or 3 p.m. when they went to pick up one daughter from daycare and the other daughter from school at 4 p.m. According to Voss's affidavit, he and Ballard were out of their apartment from 4 p.m. until they returned home at around 8 or 9 p.m. During the times he was home that day, there were no other persons present in the apartment besides its residents. Voss denied that he sold cannabis to anyone in the apartment on February 14, 2011.

¶ 8    Ballard essentially attested to the same facts in her affidavit, including not having seen anyone sell or buy cannabis in the apartment and that there were no drugs or handguns in the apartment. In his affidavit, McDonald stated that on February 14, 2011, he did not leave the apartment at any time and that no other person besides the residents visited the apartment. Patterson also stated that she was at the apartment for the entire day except when she went to the store around 1 to 1:15 p.m. and did not see any visitors come into the apartment. Both McDonald and Patterson stated that they did not sell or buy any cannabis while in the apartment or see anyone else sell or buy cannabis in the apartment.

¶ 9    Voss argued that the affidavits made a substantial preliminary showing that Officer Papke and the confidential informant had included false statements in the complaint for a search warrant either deliberately or with reckless disregard for the truth and that the false statements were necessary to the finding of probable cause that led the court to issue the warrant.

¶ 10    The court held argument on Voss's motion on February 6, 2012. At the hearing, the State argued that (i) *Franks* did not apply because the informant appeared before the magistrate, who had the opportunity to assess his credibility; (ii) a deliberate falsehood from a testifying confidential informant cannot be used to attack a warrant under *Franks*; (iii) the attached affidavits failed to make a substantial preliminary showing that the warrant contained false statements which were made knowingly and intentionally or with reckless disregard for the

truth; and (iv) Office Papke corroborated Voss's identity and residence. The State also argued that the affidavits were from interested parties and did not eliminate the possibility that Voss engaged in a drug transaction with the confidential informant, and that nothing suggested that Officer Papke, the affiant, either knew or should have known that the informant gave him false information.

¶ 11 The trial court denied Voss's motion, finding that the information presented in the affidavits attached to the motion was insufficient to make a substantial preliminary showing of deliberate falsehood or reckless disregard for the truth. Voss only presented a self-serving statement that he did not make a drug sale and the potentially biased affidavits from his girlfriend and friends and roommates. The trial court noted that there were no receipts from any of Voss's activities that day and Voss did not provide any additional objective indicia of reliability.

¶ 12 The trial court noted an apparent conflict between *People v. Gorosteata*, 374 Ill. App. 3d 203 (2007), and *People v. Caro*, 381 Ill. App. 3d 1056 (2008), on the issue of whether the confidential informant's personal appearance and testimony before the issuing judge render *Franks* inapplicable, with *Gorosteata* finding that it did and *Caro* declining to follow that holding. While inclined to follow *Caro*, the trial court questioned whether a defendant seeking a *Franks* hearing could overcome the presumption of validity attaching to an affidavit in support of a search warrant through affidavits merely denying the factual support for the warrant. Ultimately concluding the statements of Voss, his girlfriend, and his roommates as to Voss's whereabouts on February 14, 2011, did not satisfy the substantial preliminary showing required by *Franks*, the court denied Voss's motion for a *Franks* hearing.

¶ 13 Following a bench trial, the court found Voss guilty of possession of cannabis, but found that the State had not proved intent to deliver beyond a reasonable doubt. Voss filed a posttrial motion, arguing that the trial court erred in denying his motion for a *Franks* hearing. The trial court denied the motion and sentenced Voss to one year in prison. Voss timely appealed.

¶ 14 ANALYSIS

¶ 15 The sole issue Voss raises on appeal is the trial court's claimed error in denying his motion for a *Franks* hearing. Voss contends the affidavits he provided in support of his motion attesting to his whereabouts and the lack of visitors to the apartment on February 14, 2011, show that the drug transaction described by the confidential informant could not have occurred. Thus, Voss contends the affidavits were sufficient to make a substantial preliminary showing that "the statements from [the confidential informant], upon which the search warrant [was] issued, were either deliberately false or made with reckless disregard for the truth." Further, Voss claims that the "additional corroboration" that the court suggested Voss should have provided would have been unreasonable and not significantly corroborative, making the burden for a *Franks* hearing "so onerous as to be unachievable." *People v. Lucente*, 116 Ill. 2d 133, 152 (1987). We disagree.

¶ 16 In *Franks*, the United States Supreme Court recognized a right under limited circumstances to a hearing to challenge the veracity of an affidavit supporting a search warrant. The Court held that to overcome the presumption of validity that attaches to a warrant affidavit and obtain a hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the

finding of probable cause." *Franks*, 438 U.S. at 155-56. A defendant makes a "substantial preliminary showing" when he offers proof that is "somewhere between mere denials on the one hand and proof by a preponderance on the other." *Lucente*, 116 Ill. 2d at 152.

¶ 17    This court reviews a trial court's denial of a defendant's motion for a *Franks* hearing under an abuse of discretion standard. *People v. Gorosteata*, 374 Ill. App. 3d 203, 212 (2007). A trial court abuses its discretion where its ruling "is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. Rivera*, 2013 IL 112467, ¶ 37. As we discuss further below, Illinois case law demonstrates this standard of review is particularly important in the context of appellate review of a trial court's decision to grant or deny a *Franks* hearing.

¶ 18    In *Lucente*, the State obtained a search warrant based on an affidavit from a police officer stating that a reliable informant had purchased marijuana from Lucente in Lucente's apartment at 8:30 p.m. on August 23. Lucente submitted affidavits in support of a *Franks* hearing from himself, his wife, and his sister, all stating that Lucente was at his sister's home at the time the alleged drug transaction occurred in Lucente's apartment. *Lucente*, 116 Ill. 2d at 140. The trial court granted and held a *Franks* hearing, after which the warrant was quashed. Our supreme court affirmed the trial court's decision to hold a *Franks* hearing, finding that Lucente had not presented merely his own affidavit asserting " 'I didn't do it,' " but had made a showing that was "essentially an alibi," which was corroborated with two affidavits besides his own, even if those affidavits were from obviously biased parties–his sister and his wife. *Id.* at 154. The court recognized that because the determination of whether to grant a hearing is unavoidably subjective, there may be some cases where a trial court will deny a hearing when in fact a warrant was issued on the basis of false statements and other cases where a hearing is held when none was warranted. *Id.* at 153. But as long as the trial court's judgment is exercised within permissible limits, that judgment should not be disturbed on appeal. *Id.* Because "[o]n balance, the showing made was such that the trial judge could permissibly conclude that an evidentiary hearing was warranted," the court declined to disturb that conclusion. *Id.* at 154.

¶ 19    In *Gorosteata*, a police officer submitted an affidavit in support of a search warrant stating that an informant had told him that the informant had purchased drugs from a man on June 24 at 4849 S. Honore Street. *Gorosteata*, 374 Ill. App. 3d at 205-06. During a search, police found drugs at the address and Gorosteata was charged with possession. Gorosteata moved for a *Franks* hearing, offering affidavits denying the informant's allegations. The trial court denied the motion. The appellate court affirmed the denial, finding that the trial court had not abused its discretion in determining that Gorosteata failed to make the substantial preliminary showing required to warrant a *Franks* hearing. *Id.* at 212. Where the affidavits were from interested parties and the informant's allegations were not shown to be "so contradictory or outrageous that [the officer] would have engaged in misconduct merely by believing [the confidential informant]," the court found Gorosteata had failed to make the required showing. *Id.* at 213. Further, the court held that because the confidential informant personally appeared before a judge during the hearing on the complaint for a search warrant, and thus the issuing judge had the opportunity to personally assess the informant's credibility, *Franks* did not apply in any event. *Id.*

¶ 20    The State challenged the trial court's grant of a *Franks* hearing on appeal in *People v. Caro*, 381 Ill. App. 3d 1056 (2008). In that case, a confidential informant also appeared before the issuing judge in support of a complaint for a search warrant. *Id.* at 1058. The informant

testified he witnessed a drug transaction in Caro's home. *Id.* at 1057. In support of his motion for a *Franks* hearing, Caro offered affidavits from himself and his roommates stating that he was at work for most of the day and had not engaged in any drug transactions as alleged by the confidential informant. *Id.* at 1058. Affirming the trial court's determination that Caro made the necessary showing to warrant a *Franks* hearing, the appellate court found no abuse of discretion by the trial court in granting the hearing. *Id.* at 1063. The *Caro* court also declined to follow *Gorosteata*'s alternative holding regarding the effect of the informant's appearance before the issuing judge, noting that *Gorosteata* involved an appeal taken by defendant following the denial of a *Franks* hearing, whereas *Caro* involved an appeal by the State from the grant of a *Franks* hearing. *Id.* at 1065. Distinguishing *Gorosteata*, the court stated "the issue in the present case is whether the trial court abused its discretion in granting the *Franks* hearing where the informant had earlier testified before the judge issuing the search warrant," and it declined to hold that the informant's testimony before the issuing judge categorically precluded a *Franks* hearing. *Id.* Instead, the informant's testimony "was but one factor to consider in determining whether to grant a *Franks* hearing." *Id.*

¶ 21    Finally, *People v. Chambers*, 2014 IL App (1st) 120147, *appeal allowed*, No. 117911 (Ill. Sept. 24, 2014), is one of the few recent Illinois cases where this court has disturbed the trial court's decision whether to grant or deny a *Franks* hearing. In that case, in support of his motion for a hearing, Chambers submitted an affidavit from the confidential informant claiming the informant was coerced by a police officer to provide a false affidavit in support of the warrant and to testify falsely before the issuing judge. *Id.* ¶¶ 11, 18. Under those circumstances, this court found that the trial court abused its discretion in failing to conduct a *Franks* hearing, despite the confidential informant having appeared before the issuing judge, because an opposite conclusion could frustrate the purpose of *Franks* to ferret out those presumably rare cases of misconduct by law enforcement officers in obtaining warrants. *Id.* ¶ 17. In our view, *Chambers* illustrates why a confidential informant's appearance before a judge is a factor to consider in determining whether a defendant has made a substantial preliminary showing to warrant a *Franks* hearing but does not take the case outside of the ambit of *Franks*.

¶ 22    What emerges from these cases is not a litmus test that will determine whether a trial court must in any given case grant or deny a motion for a *Franks* hearing but, rather, a framework consisting of a variety of relevant facts a court should consider in determining whether a substantial preliminary showing has been made. These factors include:

> (1) whether defendant's motion is supported by affidavits from interested parties or disinterested third persons (*Gorosteata*, 374 Ill. App. 3d at 213);
>
> (2) whether defendant has available any objective evidence to corroborate the affidavits such as records of hours worked or receipts for travel or other activities;
>
> (3) whether the information in the affidavits, accepted as true, renders it impossible for the confidential informant's testimony to be true (see *People v. Phillips*, 265 Ill. App. 3d 438, 444-46 (1994) (finding no substantial preliminary showing where the trial court was presented with affidavits from interested parties and "[m]ore importantly, the affidavits do not establish that that the defendant could not have sold cocaine to the informant on the day in question"); *People v. McCoy*, 295 Ill. App. 3d 988, 997 (1998) ("[n]ot only were the affidavits from interested parties, but they did not establish that it was impossible for the informant to have bought heroin from the defendant as

described"); *People v. Tovar*, 169 Ill. App. 3d 986, 992 (1988) (finding no substantial preliminary showing where the affidavits were from interested parties and "the affidavits did not establish an impossibility of the informant having access to the apartment here, but were more in the nature of an 'I didn't do it' type of affidavit"); *People v. Torres*, 200 Ill. App. 3d 253 (1990));

(4) whether the matters asserted by defendant are in the nature of an alibi or a general denial that he engaged in the conduct giving rise to probable cause (*Lucente*, 116 Ill. 2d at 153-54 (finding that an affidavit asserting "I didn't do it" amounts to an unsubstantiated denial, which would be plainly insufficient to support a *Franks* hearing));

(5) whether the information supporting probable cause is the result of a police investigation or information supplied by an informant or other confidential source;

(6) if probable cause is based on information from a confidential source, whether the warrant affiant took steps to corroborate that information (*Lucente*, 116 Ill. 2d at 152 (finding that where the "warrant affidavit recited no independent corroboration of the information relied upon," the greater the likelihood that either the informant lied to the officer-affiant or that the affiant exhibited a reckless disregard for the truth in putting forth such information));

(7) the facial plausibility of the information provided by the confidential source (*Gorosteata*, 374 Ill. App. 3d at 213 (finding that even if defendant's affidavits, taken as true, had shown that defendant had an alibi, they still "would not have shown [the confidential informant's] allegations to be so contradictory or outrageous that [the officer] would have engaged in misconduct merely by believing [the confidential informant]"));

(8) whether the affiant had any prior experience with the confidential source that would enhance the source's reliability (*Franks*, 438 U.S. at 165 ("If an informant's tip is the source of information, the affidavit must recite 'some of the underlying circumstances from which the informant concluded' that relevant evidence might be discovered, and 'some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, ... was "credible" or his information "reliable." ' [Citation.]"));

(9) whether there exist any circumstances that should counsel against believing the information provided by the confidential source (*Chambers*, 2014 IL App (1st) 120147, ¶¶ 18, 21 (substantial showing found sufficient to show officer offered false statements where affidavit of confidential informant stated that he was coerced by the officer into testifying falsely against defendant)); and

(10) whether the confidential source appeared before the issuing magistrate who had the opportunity to examine the source and asses his or her credibility (*Gorosteata*, 374 Ill. App. 3d at 213).

¶ 23    This list of relevant factors is not meant to be exhaustive and relevant considerations may vary given the circumstances of each case. *Lucente*, 116 Ill. 2d at 153. Given the fluidity of the relevant factors, it is obvious that the abuse of discretion standard of review will often be determinative. Because there is no formula for determining whether the trial judge made the "right" or "wrong" determination, as long as the decision to grant or deny a *Franks* hearing is

not arbitrary, fanciful or such that no reasonable person would agree with it, the decision should be affirmed. *Id.* Therefore, decisions reversing a trial court's order granting or denying a *Franks* hearing should be the exception.

¶ 24 Applying the factors to this case, we find that the trial court did not abuse its discretion when it denied Voss's request for a *Franks* hearing. First, the affidavits attached to Voss's motion were from interested parties. See *People v. Phillips*, 265 Ill. App. 3d 438, 445 (1994) ("An affidavit [from] an interested party tends to be weaker support for a motion to quash the warrant."). As noted by the trial court, Voss failed to indicate that he had available any objective evidence to corroborate the affidavits, such as tickets or receipts from the places he claims to have visited on the day in question. While such documentary evidence is not a prerequisite to satisfaction of the "substantial preliminary showing" required by *Franks*, and we do not so hold, its existence certainly bolsters a defendant's ability to make that showing.

¶ 25 Additionally, the affidavits did not preclude the possibility that a drug transaction occurred on February 14, 2011 or that the informant saw weapons in the apartment. Even accepting the affidavits as true, the affidavits simply establish that Voss was away from his home for parts of the day but do not preclude the possibility that the transaction could have occurred during those periods when he was in the apartment. In their affidavits, Voss's roommates stated they were home all day and did not see any visitors come to the apartment, but they did not state where they were in the apartment, that they were in Voss's presence whenever he was in the apartment, or when they were sleeping during the 24-hour period in question. Thus, the information contained in the affidavits did not make it impossible for the drug transaction to have occurred between midnight and 8:15 a.m., between noon and 1:45 or 2 p.m., or between 8 p.m. and midnight, when Voss was home and while the affiants-roommates were sleeping or in another room. Thus, even if we believe that Voss was away from his apartment for various parts of the day, there remain up to 13 hours of time when he was home and for which the affiants-roommates do not attest to where they were in the home–allowing ample opportunity for Voss to have engaged in a drug transaction. The testimony in the affidavits here does not make it impossible for the confidential informant's testimony to be true. *Phillips*, 265 Ill. App. 3d at 445 (affirming trial court's refusal to grant a *Franks* hearing where one of defendant's alibi affiants swore only that he was asleep at the time and location of the alleged transaction, as transaction could have occurred while affiant was asleep).

¶ 26 Moreover, given Voss's admission that he was home for part of the day, the narrative provided in the affidavits Voss presented, if taken as true, was not in the nature of an alibi, but a general denial that he engaged in the conduct alleged in the complaint for a warrant. General denials–as opposed to alibis–are less likely to warrant a *Franks* hearing. *Lucente*, 116 Ill. 2d at 153-54.

¶ 27 Further, Officer Papke corroborated the confidential informant's information by running the "C-Time" alias in a police database resulting in the identification of Voss. Additionally, the officer showed the informant a photo of Voss, and the informant positively identified him as the person who sold him the drugs. Voss's address in the database also corresponded with the address the informant provided. Finally, the officer went to the 1046 North Monitor address with the informant, who pointed out the same address as the apartment where he purchased cannabis from "C-Time" on February 14, 2011.

¶ 28 Although there is no record of Officer Papke having any prior experience with the confidential informant that would enhance the informant's reliability, there is likewise no

record or any other indication that Officer Papke knew that the information provided by the confidential informant was false or that he acted in reckless disregard for the truth. Given the narrative presented by the confidential informant and the corroboration of that information, the facts presented by Voss in the affidavits do not show the confidential informant's "allegations to be so contradictory or outrageous that [the officer] would have engaged in misconduct merely by believing [the confidential informant]." *Gorosteata*, 374 Ill. App. 3d at 213. Finally, the confidential informant here appeared before the judge issuing the search warrant and was available for questioning before the judge on the information he provided to Officer Papke.

¶ 29 Given that the majority of factors weigh against the finding that Voss made a substantial preliminary showing that the statements set forth in the complaint for a warrant were false or made with reckless disregard for the truth, and affording the trial court's decision significant deference under the abuse of discretion standard, we cannot say that the trial court abused its discretion when it denied Voss's motion for a *Franks* hearing.

¶ 30 Voss contends that in *People v. Tovar*, 169 Ill. App. 3d 986 (1988), and in *People v. Castro*, 190 Ill. App. 3d 227 (1989), this court upheld the denial of a *Franks* hearing "based solely on the fact that the defendant's showing consisted of affidavits from family or friends," but argues that both of these cases were based upon a misreading of our supreme court's decision in *Lucente*.

¶ 31 In *Tovar*, the State obtained a search warrant based on an informant's claim that he bought heroin from Tovar in his apartment. *Tovar*, 169 Ill. App. 3d at 989. Tovar sought a *Franks* hearing with supporting affidavits from himself and his wife explaining that his wife had been home all day, that he had been at home when not at work, and that neither of them had any visitors. *Id.* at 991. This court found that the trial court had not erred in denying the hearing:

> "Similar to *Lucente*, the defendant's affidavits here came from parties with an interest in the case, *i.e.*, the defendant and his wife, which was a factor the *Lucente* court found weakened the defendant's affidavits. Further, the affidavits did not establish an impossibility of the informant having access to the apartment here, but were more in the nature of an 'I didn't do it' type of affidavit, specifically found insufficient in *Lucente*." *Tovar*, 169 Ill. App. 3d at 992.

¶ 32 Voss argues the *Tovar* court misread *Lucente* because, although *Lucente* noted that affidavits from disinterested parties would be more probative, it specifically did not hold that they were required to make a substantial preliminary showing to support a *Franks* hearing. Further, the *Lucente* court specifically distinguished an affidavit setting forth an explanation for why the purported drug sale could not have happened, and capable of binding the affiants to penalties of perjury. In contrast, Voss argues, the *Tovar* court did not distinguish the affidavits offered in that case from those offered by the defendant in *Lucente*, and therefore *Tovar* should not be followed. Voss claims that *Castro* is an extension of *Tovar*'s faulty reasoning.

¶ 33 But Voss misinterprets the reasoning in *Tovar*. The *Tovar* court did not read *Lucente* as requiring affidavits from disinterested parties to make a substantial preliminary showing. *Tovar* correctly noted only that *Lucente* found that affidavits from interested parties "weakened" defendant's position. *Tovar*, 169 Ill. App. 3d at 992. Additionally, *Tovar* recognized the distinction between an alibi establishing the impossibility of the informant's account and unsubstantiated "I didn't do it" denials. *Id.* It concluded that the defendant's affidavits were of the latter type, which was found insufficient under *Lucente*. *Id.* And because the affidavits did not establish that it was impossible that the informant had access to Tovar's

apartment, Voss's contention that *Tovar* upheld the denial of a hearing "based solely on the fact that defendant's showing consisted of affidavits from family or friends" is demonstrably incorrect.

¶ 34　　Even if Voss were correct that the facts here are similar to the facts in *Lucente* or other cases where affidavits from interested parties asserting an alibi have been deemed sufficient to grant a *Franks* hearing, it does not follow that the trial court's denial of a hearing in this case must be reversed. As noted above, the fact that another court would have granted a hearing is of no importance, as *Lucente* does not mandate a *Franks* hearing in all factually similar cases. As the *Lucente* court observed:

> "We earlier rejected the broad assertion that an alibi-type showing is *never* sufficient under these principles. Likewise, neither can it be said that such a showing will *always* be sufficient.
>
> * * *
>
> Given the unavoidably subjective nature of these determinations, it may well be that in some cases a trial judge will deny a hearing when in fact a warrant was issued on the basis of the false statements. It is also true that the same balancing test may result in an evidentiary hearing being held when none is warranted. So long as the trial court's judgment is exercised within permissible limits, that judgment will not be disturbed." (Emphases in original.) *Lucente*, 116 Ill. 2d at 152-53.

¶ 35　　Voss failed to make the substantial preliminary showing required to warrant a hearing where the affidavits presented in support of his request for a *Franks* hearing were from interested parties and did not preclude the possibility that a drug transaction took place as stated by the informant, and the informant's information was corroborated. Accordingly, we conclude that the trial court did not abuse its discretion when it denied Voss's request for a *Franks* hearing.

¶ 36　　Affirmed.