2020 IL App (1st) 190418

No. 1-19-0418

July 20, 2020

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 10875 |
| | ) | |
| LARRY WILLIAMS, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE Walker delivered the judgment of the court, with opinion.
Justices Hyman and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Larry Williams, was charged with armed habitual criminal, possession of a

controlled substance, possession of a controlled substance with intent to deliver, and unlawful use

of a weapon by a felon following a police search of his apartment. Defendant moved to quash the

search warrant and suppress evidence because the affidavit for the search warrant listed an

incorrect number of bedrooms in his apartment. The circuit court found that a *Franks* hearing (see

*Franks v. Delaware*, 438 U.S. 154 (1978)) was warranted. Following the *Franks* hearing, the

circuit court granted the motion to quash the warrant and suppress the evidence. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     On July 2, 2018, Officer Jaime Garcia and "John Doe" appeared before a judge to obtain a search warrant for defendant's apartment located at 950 West 58th Street, 1st Floor, Chicago, Illinois. Officer Garcia obtained the search warrant with the support of information provided by Doe regarding previous alleged drug transactions at the apartment. The complaint for the search warrant referred to defendant's apartment as a one-bedroom unit twice. The complaint also stated, "J. Doe observed Williams, Larry walk into the only bedroom in the apartment unit and shortly thereafter returns from this same bedroom with three clear knotted baggies of white rock like substance suspect crack cocaine."

¶ 4     The search warrant was executed the following day, and defendant was arrested. The Chicago Police Department found defendant in possession of a firearm and cocaine. Defendant filed a motion to quash the search warrant and to suppress evidence illegally seized and requested a *Franks* hearing. Defendant also filed a separate motion to suppress evidence. At the hearing, defendant argued that evidence was presented to make a substantial preliminary showing that a false statement, knowingly and intentionally or with reckless disregard for the truth, was included in the warrant and was necessary for the finding of probable cause. The State argued that defendant failed to make the substantial preliminary showing required under *Franks* that Officer Garcia either knowingly used false information or acted in reckless disregard for the truth. After argument, the circuit court found that because the search warrant and affidavits were sworn as a one-bedroom unit and police discovered a two-bedroom unit, the defendant was entitled to an evidentiary hearing

pursuant to *Franks v. Delaware*, 438 U.S. 154. At the *Franks* hearing, defendant called Officer Garcia, who testified that he and Doe appeared and testified before the judge to request the subject search warrant.

¶ 5     Officer Garcia also testified that he arrested Doe a few months prior to the search of defendant's apartment. Doe had previously provided information to Officer Garcia that led to other arrests and search warrants and appeared before other judges in obtaining those search warrants. However, Officer Garcia testified that Doe was not a registered confidential informant, which is a more reliable status than a "John Doe."

¶ 6     Officer Garcia had conversations with Doe regarding the apartment at 950 West 58th Street, 1st Floor. Doe told Officer Garcia that an individual named Larry Williams sold him drugs at that address. Doe described defendant as a 5'6", 180 pound, partially bald, black male with a part black and part gray beard, and brown eyes. Doe described purchasing narcotics from defendant on three occasions, the most recent occurring within 48 hours of the issuance of the search warrant. Doe claimed defendant would bring him into the living room and defendant would go into a bedroom to retrieve the narcotics. Doe swore that this bedroom was the only bedroom in the apartment. According to Doe, defendant allowed Doe to consume the drugs in the living room, back porch, or other places.

¶ 7     Officer Garcia also testified that Doe accompanied him to identify the apartment building, which matched Doe's description. However, Officer Garcia never entered the building or defendant's apartment prior to the search to confirm the number of bedrooms. Officer Garcia also obtained photographs of defendant, which Doe identified as Larry Williams.

¶ 8    Officer Garcia stated that defendant was present in the apartment when Officer Garcia and other officers executed the warrant. Officer Garcia recognized defendant from photographs that Doe identified. Officer Garcia testified that the apartment had a small hallway that led to the living room, which had a corridor that led to two bedrooms on the right and left. Upon discovering that there were two bedrooms, Officer Garcia proceeded to search the apartment and seize evidence from both bedrooms.

¶ 9    The circuit court granted the motion to quash the search warrant, stating:

> "I've heard the evidence, and I've read the affidavits and complaint for search warrant, and search warrants are issued, they found probable cause and they must state with some particularity the place to be searched and what they're looking for. I cannot—I'm not sure I understand clearly from this record why someone who could easily be explained as confidential informant as to be described as a John Doe because it's not necessary to treat that person as John Doe as they were a confidential informant."

The other concern I have, a bigger concern was that the informant whether you want to call him John Doe or the confidential informant, and it is twice listed in the application for warrant in the affidavit, it says it's talking about a one-bedroom unit. When the police entered, apparently contraband that the government wants to prosecute Mr. Williams for was found in two different bedrooms. So, we're talking about two different locations. And he says he's been buying drugs from Mr. Williams on previous occasions as well and knew the unit.

I have some concerns about the accuracy of this information. So, the motion will be allowed."

¶ 10    The State filed a motion to reconsider the ruling granting the evidentiary hearing, as well as the subsequent suppression of the warrant. The circuit court held that John Doe's credibility was at stake and that he was certainly "lying or recklessly disregarding the truth" because of the discrepancy in the apartment description. Subsequently, the circuit court denied the motion to reconsider. This timely appeal followed.

¶ 11                                    ANALYSIS

¶ 12    On appeal, the State contends that the circuit court improperly granted defendant a *Franks* hearing where defendant offered only an unsupported conclusory argument that was insufficient for a hearing. Additionally, the State argues the circuit court granted defendant's motion to quash the search warrant and suppress evidence on legally erroneous grounds.

¶ 13    Defendant responds and argues that evidence was presented to make a substantial preliminary showing that a false statement necessary for a finding of probable cause was made either knowingly and intentionally or with reckless disregard for the truth and was included in the warrant. Defendant also argues that the circuit court properly granted the *Franks* hearing and properly granted the motion to quash the warrant and suppress evidence. We review the circuit court's ruling on a motion for a *Franks* hearing *de novo*. *People v. Chambers*, 2016 IL 117911, ¶ 79. While the ruling on the merits after a full *Franks* hearing is reviewed under the manifest weight of evidence standard. *Id.* ¶ 78.

¶ 14    In *Franks*, the United States Supreme Court provided defendants a right under limited circumstances to a hearing that challenges the veracity of an affidavit supporting a search warrant.

*People v. Voss*, 2014 IL App (1st) 122014, ¶ 16. The purpose of a *Franks* hearing is to provide a meaningful, but limited, deterrence of and protection against perjurious warrant applications. *People v. Lucente*, 116 Ill. 2d 133, 150 (1987). There is a presumption of validity with respect to a search warrant's supporting affidavit. If a defendant makes a substantial preliminary showing that a false statement, necessary for the finding of probable cause, was knowingly or intentionally included in the affidavit or with reckless disregard for the truth, then defendant will be granted an evidentiary hearing. *Franks*, 438 U.S. at 171.

¶ 15    Defendant must meet several conditions to make a preliminary showing (1) defendant's attack "must be more than conclusory and must be supported by more than a mere desire to cross-examine"; (2) defendant must provide "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof"; (3) the allegations must "point out specifically the portion of the warrant affidavit that is claimed to be false"; and (4) defendant must furnish "[a]ffidavits or sworn or otherwise reliable statements of witnesses \*\*\*, or their absence satisfactorily explained." *Id.* The defendant's burden for the preliminary showing lies somewhere between mere denials and proof by a preponderance. *Lucente*, 116 Ill. 2d at 152.

¶ 16    Both parties acknowledge that the complaint for the search warrant contained incorrect information, namely that the affidavit described defendant's apartment as a one-bedroom unit, instead of the actual two-bedroom unit. The State also acknowledges that defendant complied with the third condition but disputes that defendant satisfied the other conditions.

¶ 17    In addition to the third condition, we find that defendant met the first condition. Defendant's argument, though simple, did more than assert an entitlement to a *Franks* hearing. Defendant did not give a mere denial or broadly reject the entire search warrant as containing false

statements simply to cross examine Officer Garcia. Instead, defendant was able to identify the specific falsity contained within the search warrant.

¶ 18    Defendant also met the fourth condition. The State argues that defendant failed at this condition because defendant did not provide an affidavit or supporting documentation from other witnesses. Typically, a defendant would provide such documentation. See *People v. Caro*, 381 Ill. App. 3d 1056, 1063 (2008) (defendant filed an affidavit stating that he was at work on the day the informant stated he purchased drugs); *Voss*, 2014 IL App (1st) 122014, ¶ 6 (defendant submitted affidavits from girlfriend and roommates stating that no one purchased drugs on the alleged date); *People v. Phillips*, 265 Ill. App. 3d 438, 440 (1994) (defendant submitted affidavit from mother stating that no one had come to his apartment to buy drugs); *People v. Vauzanges*, 158 Ill. 2d 509, 512 (1994) (efendant submitted affidavits from friends stating that no one else was in the apartment on the alleged date). However, this case is unlike other *Franks* cases where defendants offer affidavits from witnesses providing an alibi for the defendant or disputing that the informant was present in the residence at the stated time. Here, defendant is only arguing that the listed number of bedrooms in the search warrant affidavit is incorrect. Moreover, the State acknowledges that this information is incorrect. Additional affidavits to prove that the statement is incorrect are unnecessary. Defendant pointed to the discrepancy between the complaint for search warrant and the arrest report regarding the number of bedrooms. This satisfied the fourth condition.

¶ 19    However, defendant failed to meet the second condition. Defendant did not make an allegation of deliberate falsehood or reckless disregard for the truth. The entirety of defendant's preliminary showing consisted of the discrepancy in the number of bedrooms between the search warrant and arrest report. This discrepancy, unlike an alibi, does not indicate either intentional

falsehood or reckless disregard for the truth. Furthermore, based on the facts of this case, the number of bedrooms in the unit was not necessary to the finding of probable cause.

¶ 20    The rule announced in *Franks* was designed to have "limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." *Franks*, 438 U.S. at 167. Granting a *Franks* hearing every time a search warrant contains a mistake that is not material and necessary to the finding of probable cause would defeat its intended limited purpose. The *Franks* court recognized that allegations of negligence or innocent mistake were insufficient to obtain an evidentiary hearing. *Id.* at 171.

¶ 21    The State argues that in situations of an unsuspecting affiant officer and a dishonest informant, a *Franks* hearing should be precluded if the officer reasonably accepted the informant's falsities. This position was already partially rejected in *Lucente*, 116 Ill. 2d 133.

¶ 22    In *Lucente*, the affidavit in support of a search warrant was based entirely on information furnished by a confidential informant. *Id.* at 148. The defendant offered affidavits from family members providing an alibi that defendant could not have sold drugs to the informant at the time of the alleged drug deal. *Id.* at 140-41. The State argued that defendant did not make a preliminary showing because he did not negate the possibility that the informant, rather than the officer, was the source of the false statement. *Id.* at 148. The *Lucente* court found if that were the requirement, no alibi would ever be sufficient to justify a *Franks* hearing. *Id.* The court rejected this framework finding that it would make a *Franks* hearing unattainable. *Id.* at 149. Instead, the court noted that if an informant is the source of false statements, a defendant is entitled to a hearing to show that the officer acted recklessly in using the information as a basis for the search warrant. *Id.* at 152.

"The greater the showing that the informant blatantly lied to the officer-affiant, or that the

information from the informant is substantially false, the greater is the likelihood that the information was not appropriately accepted by the affiant as truth and the greater the probability that the affiant, in putting forth such information, exhibited a reckless disregard for the truth." *Id.*

¶ 23　We hold that an informant's false statements alone, even if told to unsuspecting affiant officer and averred to an issuing judge, can be the basis for granting a *Franks* hearing. The critical inquiry is the materiality of the informant's falsity. *Franks* held that if the alleged untruths in the warrant affidavit are set aside and the remaining statements in the affidavit are sufficient to establish probable cause, then no hearing is required. 438 U.S. at 171-72. The *Franks* court was concerned with "material falsity." *Id.* at 169.

¶ 24　Here, defendant did not show deliberate misstatements, a reckless disregard for the truth, or a falsity material to the probable cause determination. If the statement regarding the number of bedrooms in the apartment is set aside, there remains sufficient allegations for a finding of probable cause in this case. Therefore, defendant failed to make a substantial preliminary showing and was not entitled to a *Franks* hearing.

¶ 25　The State argues that even if defendant was properly granted a *Franks* hearing, the circuit court granted the motion to quash the search warrant and suppress evidence on faulty legal grounds. The relevant inquiry is whether defendant proved, by a preponderance of the evidence that the affiant included false statements in the warrant affidavit by perjury or with reckless disregard for the truth and the false statements were necessary to the finding of probable cause. *Id.* at 155-56.

¶ 26    We find the trial court erred in granting the *Franks* hearing, and we reverse that order. Because we find the reversal of the ruling allowing *Franks* hearing to be dispositive of this case, we reverse the circuit court's ruling granting the motion to quash and suppress evidence.

¶ 27                                    CONCLUSION

¶ 28    For the foregoing reasons, we reverse the circuit court's order granting the *Franks* hearing and the motion to quash the search warrant and suppress evidence. We remand the cause to the circuit court for further proceedings consistent with this opinion.

¶ 29    Reversed and remanded.

---

### No. 1-19-0418

---

| | |
|---|---|
| **Cite as:** | *People v. Williams*, 2020 IL App (1st) 190418 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CR-10875; the Hon. James B. Linn, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Marci Jacobs, Assistant State's Attorneys, of counsel), for the People. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Charles K. Piet, of Rolling Meadows, for appellee. |

---